PER CURIAM.
Appellant John Hammond was sentenced in 1981 to ninety years’ imprisonment for second-degree murder. In an appeal from a denial of motion for relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a), Mr. Hammond contests his sentence on the grounds that he was convicted of a second-degree felony for which his maximum sentence exposure is fifteen years. Mr. Hammond’s argument is based on his final judgment that reflects that he pleaded guilty to second-degree murder; instead of indicating that second-degree murder is a first-degree felony punishable by life, the final judgment incorrectly shows the crime as a second-degree felony, and compounds the error by citing section 782.04(4), Florida Statutes (1981), which defines third-degree murder.
The trial court denied the motion, finding that Mr. Hammond was sentenced for second-degree murder, a first-degree felony, as reflected in the transcript of the plea and sentencing hearing. As such, the conduct is punishable by a maximum of life imprisonment, pursuant to section 782.04(2), Florida Statutes (1981), and the ninety-year sentence would be legal under that circumstance.
Although the trial court indicates that the transcript of the hearing is attached to its order, the transcript is absent from the appellate record. Thus, it is impossible for this court to adequately review the issue presented by Mr. Hammond. Accordingly, this case is remanded to the trial court to reconsider the motion, and, in any event, to enter an amended judgment reconciling the statutory reference, the degree of the crime of which Mr. Hammond was convicted, and the degree of felony within which the crime falls.
Reversed and remanded with directions.
THREADGILL, A.C.J., and FULMER and GREEN, JJ., concur.